Sergey **ARZUMANYAN;** Karine **Mkhitaryan;** et al.,
Petitioners,

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

No. 04–74945.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2008.*

Filed Oct. 27, 2008.

Alexander Morales, Esquire, Boghosian & Morales, Glendale, CA, for Petitioners.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Mark L. Gross, Esquire, Angela M. Miller, Esquire, OIL, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, RYMER and THOMAS, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny petitioners' request for oral argument.

MEMORANDUM **

Sergey Arzumanyan, Karine Mkhitaryan and their two minor children, all citizens of Armenia, petition for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying their application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

Substantial evidence supports the IJ's denial of petitioners' asylum application because the record does not compel the conclusion that the harms petitioners suffered rise to the level of persecution or form the basis for a well-founded fear of future persecution, either independently or cumulatively. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995). Petitioners failed to establish that Sergey was arrested and beaten on account of his religious beliefs rather than for refusing to serve in the military. *See Abedini v. INS,* 971 F.2d 188, 191–92 (9th Cir.1992). The remaining events constitute discrimination and harassment, but not persecution. *See Halaim v. INS,* 358 F.3d 1128, 1132 (9th Cir.2004); *Nagoulko v. INS,* 333 F.3d 1012, 1016–18 (9th Cir.2003).

Having failed to establish their eligibility for asylum, petitioners necessarily have failed to demonstrate that they are entitled to withholding of removal. *See Prasad,* 47 F.3d at 340.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.